IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ZION MCADOO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00866-O-BP |
| § | |
| MATTHEW ENSERO, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Matthew Ensero's 12(b)(6) Motion to Dismiss and Supporting Brief filed on October 18, 2023. ECF No. 6. After considering the pleadings and applicable legal authorities, the Court recommends that United States District Judge Reed O'Connor **GRANT** the motion and **DISMISS** Plaintiff's claims against Defendant Matthew Ensero ("Ensero").

**I.    BACKGROUND**

On August 18, 2023, McAdoo filed a complaint in this Court against Ensero and Wing It On, LLC ("Wing") under Title VII of the Civil Rights Act, alleging employment discrimination. ECF No. 1. On October 18, 2023, Ensero filed the instant Motion, arguing that Title VII does not provide for individual liability and that, in any case, McAdoo's complaint does not allege that Ensero engaged in any unlawful conduct. ECF No. 6 at 2-3. Ensero also argued that "[t]here is no legal entity known as Wing It On, LLC of which Defendant Ensero is 'CEO.'" *Id*. at 1. McAdoo did not respond to the Motion despite the Court's ordering her to do so on or before November 8. ECF No. 8. Accordingly, this Motion is now ripe for the Court's review.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

"A district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014). "A dismissal with prejudice is appropriate when amending a complaint would be futile." *Taubenfeld v. Hotels.com*, 385 F.Supp.2d 587, 592 (N.D. Tex. 2004) (citing *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

## III.  ANALYSIS

### A.  Ensero has no liability under Title VII because he is not McAdoo's employer.

McAdoo cannot sue Ensero under Title VII in his individual capacity though he is Wing's chief executive officer ("CEO"). "Even a CEO, who does not otherwise qualify as an 'employer,'

cannot be held liable in his individual capacity for a violation of title VII." *Cheatum v. Blanda*, No. 1:08-CV-299, 2010 WL 1071386, at *5 (E.D. Tex. Feb. 22, 2010) (citing *Dudley v. Texas Instruments*, No. 3:02-CV-0290-M, 2002 WL 1489527, at *2 (N.D. Tex. July 10, 2002).

As for Ensero's official capacity as CEO of Wing, although Ensero asserts that he is not the CEO of a legal entity titled, "Wing it On, LLC," the Court generally reads well-pleaded facts in the non-moving party's favor on a motion to dismiss. *Yumilicious*, 819 F.3d at 174. The Court construes this fact in the non-moving party's favor and assumes that Ensero is CEO of Wing. *Id*.

Given that assumption, Ensero is one of two things: an agent of McAdoo's employer, Wing, or McAdoo's employer, himself. First, if Ensero is Wing's agent, suing him in his official capacity would be redundant since McAdoo is also suing Wing, the employer. "[A] party may not maintain a suit against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). "Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII. Thus, a Title VII suit against an employee is actually a suit against the corporation." *Id*. (cleaned up). Otherwise, plaintiffs could sue their boss and their employer for the same claims seeking a double recovery—a form of double-dipping the law does not countenance.

This rule extends to suits against CEOs or other employees of an employer. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 434 (5th Cir. 2002) (in a suit against the CEO and other individual defendants, "the trial court properly disregarded the state court ruling because the individual Defendants are not 'employers' under either statute and, therefore, cannot be liable."); *see also Grant v. Lone Star Co.*, 21 F.3d 649, 653 ("Thus, we conclude that title VII does not permit the

3

imposition of liability upon individuals unless they meet title VII's definition of 'employer.'") (5th Cir. 1994).

Second, the Court considers whether Ensero *is* McAdoo's employer, not simply an agent of McAdoo's employer. To determine whether an individual or entity is an employer, the Court considers whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Mares v. Marsh*, 777 F.2d 1066, 1068 (5th Cir. 1985). McAdoo has not pleaded any facts to show that Ensero, as opposed to Wing, was her employer. Because McAdoo has pleaded no facts to show that Ensero was her employer, Ensero is entitled to dismissal of McAdoo's claims under Title VII.

### B. McAdoo has pleaded no other facts to show that Ensero is otherwise liable to him.

McAdoo has pleaded no other facts to show that Ensero acted wrongfully. Although McAdoo alleges wrongdoing by another named individual—supervisor Pragya Rana (ECF No. 1 at 2)—McAdoo provides no facts to suggest that Ensero also engaged in wrongdoing. Rather, McAdoo only lists Ensero in the case caption and in a subsequent paragraph involving address information. *Id*. at 1, 4. Thus, any other claims against Ensero should be dismissed.

## IV. CONCLUSION

Accordingly, after considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant Matthew Ensero's Motion to Dismiss and **DISMISS** Plaintiff Zion McAdoo's claims against him. The undersigned further **RECOMMENDS** that although the Court should grant Ensero's Motion to Dismiss, it should allow McAdoo to replead her Title VII claim and other claims against Ensero. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before

dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Frias v. Hernandez,* No. 3:23-CV-0550-D, 2023 WL 7311193, at *4 (N.D. Tex. Nov. 6, 2023) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because McAdoo has not stated that she cannot, or is unwilling to, cure the defects that the Court has identified, the undersigned **RECOMMENDS** that the Court grant her twenty-one days from the date of Judge O'Connor's Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge, or such other time as the Court sets, to file a first amended complaint that addresses the deficiencies in her pleading noted above. *Frias*, 2023 WL at *4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

5

**SIGNED** on November 15, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE